**TITLE INSURANCE COMPANY OF MINNESOTA, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CV 77–3447–AAH.**

United States District Court, C. D. California.

July 17, 1979.

Levinson & Lieberman, Inc. by Lawrence Lieberman, Beverly Hills, Cal., for plaintiff.

Andrea Sheridan Ordin, U. S. Atty., Charles H. Magnuson, Asst. U. S. Atty., Chief, Tax Division, Arthur M. Greenwald, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, District Judge.

### NATURE OF THE ACTION

Plaintiff, Title Insurance Company of Minnesota, filed suit asking this Court to (1) quiet title in its favor to a certain irrevocable letter of credit in the amount of $247,-379.46, presently in the possession of the District Director of Internal Revenue, Los Angeles; (2) direct the Defendant to return the letter of credit to the Plaintiff; (3) declare Plaintiff's rights and obligations under an Agreement entered into with the District Director, dated December 28, 1976, or in the alternative (4) enter a money judgment against the Defendant in the amount of $247,379.46 plus interest thereon as provided by law.

Defendant filed an answer requesting that Plaintiff take nothing by its complaint, Plaintiff's action to be dismissed with prejudice. The Defendant also requested that this Court decree that it is entitled to the sum of $247,379.46 to be applied against the 1975 income tax liability of Jose Guadalupe Valenzuela.

Defendant filed a motion for summary judgment requesting this Court to dismiss Plaintiff's action for lack of jurisdiction. In the alternative, were this Court to find that jurisdiction does exist, Defendant has

requested that summary judgment be entered in its favor on the merits decreeing that the Plaintiff take nothing and that the Defendant is entitled to the sum of $247,379.46 to be applied against the 1975 income tax liability of Jose Guadalupe Valenzuela.

The matter came on regularly for hearing before this Court. Having considered all of the pleadings, memoranda, exhibits, depositions, written interrogatories, arguments of counsel, and being fully advised, this Court now makes the following findings of fact and conclusions of law.

I

FINDINGS OF FACT

1. On January 9, 1976 a delegate of the Secretary of the Treasury of the United States made an income tax assessment against Jose Guadalupe Valenzuela applicable to his 1975 taxable year in the amount of $305,498.18.

2. With respect to the January 9, 1976 assessment, there is presently due and owing to the United States from Jose Guadalupe Valenzuela the sum of $315,991.58 plus accrued penalties and interest as provided by law.

3. Notice and demand for payment were sent to Jose Guadalupe Valenzuela on January 9, 1976, at his last known address, 1050 Oak Grove Avenue, San Marino, California.

4. On January 12, 1976 a notice of federal tax lien applicable to the January 9, 1976 assessment was filed and recorded in the Los Angeles County Recorder's Office in the name of Jose Guadalupe Valenzuela, 1050 Oak Grove Avenue, San Marino, California.

5. Also on January 12, 1976, a notice of federal tax lien applicable to the same assessment was filed and recorded in the Los Angeles County Recorder's Office in the name of Manula Verdugo Valenzuela, as nominee, agent or trustee of Jose Guadalupe Valenzuela, her address being described therein as 1050 Oak Grove Avenue, San Marino, California.

6. On August 18, 1977 Defendant filed suit against Jose Guadalupe Valenzuela in this District Court to reduce the January 9, 1976 assessment to judgment, Docket Number CV–77–3124–AAH. On March 8, 1978, judgment was entered against Jose Guadalupe Valenzuela in the amount of $315,991.58 plus statutory penalties and interest accruing thereon as provided by law pursuant to Jose Guadalupe Valenzuela agreeing to the entry of this judgment against him, as set forth in the written stipulation filed with the Court on March 6, 1978.

7. On November 10, 1975 there was recorded in the Los Angeles County Recorder's Office a grant deed, whereby Manula Verdugo Valenzuela, the alleged mother of Jose Guadalupe Valenzuela, acquired title to the real property located at 1050 Oak Grove Avenue, San Marino, California.

8. Though title to the subject real property was in the name of Manula Verdugo Valenzuela, she acquired and held title to this property as the nominee, agent or trustee for her son, Jose Guadalupe Valenzuela.

9. On January 9, 1976, Jose Guadalupe Valenzuela was the true owner of the real property located at 1050 Oak Grove Avenue, San Marino, California, to which federal tax liens prescribed in Section 6321 of Title 26, United States Code, attached.

10. During the years 1973 through 1977, Jose Guadalupe Valenzuela and other members of his family were engaged in the unlawful importation, distribution and sale of large quantities of heroin, which were distributed throughout the United States. Jose Guadalupe Valenzuela and his brother, Fernando Valenzuela, controlled and directed the activities of this organization.

11. A characteristic of this organization was to use members of the Valenzuela family, related by blood or marriage, to perform various activities, including the importation, storage, delivery and distribution of heroin. Since 1973, federal and state law enforcement agents have seized more than 140 pounds of heroin from members of the Valenzuela organization.

12. In 1977 a nine count indictment was returned by the Grand Jury against Jose Guadalupe Valenzuela and other members of the Valenzuela organization, charging them with various violations of the United States Codes regarding the unlawful possession and distribution of narcotics, as well as aiding, abetting, counselling, commanding, inducing and procuring the commission of these offenses.

13. On December 19, 1977, a Judgment of Conviction was entered against Jose Guadalupe Valenzuela on all nine counts. Among other things, the Jury found that Jose Guadalupe Valenzuela acted in concert with at least five other persons as an organizer, supervisor and in other managerial positions, participating in a continuous series of violations from which Jose Guadalupe Valenzuela obtained substantial income and resources.

14. During the course of these illegal activities, i. e., on or about September 18, 1975, the property located at 1050 Oak Grove Avenue, San Marino, California was purchased by Jose Guadalupe Valenzuela for the sum of $335,000.00.

15. On February 18, 1976, a deed was recorded in the Los Angeles County Recorder's Office dated January 22, 1976, wherein it was declared that Manula Verdugo Valenzuela granted the property in question to Pedro and Isabel Urrutia, the brother-in-law and sister of Jose Guadalupe Valenzuela's wife, Alleen Valenzuela.

16. On March 19, 1976, a deed was recorded in the Los Angeles County Recorder's Office dated March 9, 1976, wherein it was declared that Pedro and Isabel Urrutia granted the property in question to Gordon Mills Johnsen and Donna Latham Johnsen, et al.

17. On or about March 19, 1976, Plaintiff issued a policy of title insurance with respect to the subject real property to the Johnsens, et al. Plaintiff, however, failed to set forth that the subject real property was encumbered by the federal tax liens arising by virtue of the January 9, 1976 assessment imposed against Jose Guadalupe Valenzuela.

18. Thereafter, the Johnsens, et al., desired to sell the property in question to third parties, but could not give clear title due to the existence of the federal tax liens which encumbered the property.

19. On December 28, 1976 the Plaintiff and the District Director of Internal Revenue, Los Angeles entered into a written agreement, whereby in consideration for the partial release of the subject property from the federal tax liens in question, the Plaintiff was to cause to be issued a letter of credit in the amount of $247,379.46. The Agreement also provided that Plaintiff was to file suit to determine whether the federal tax lien arising as a result of the 1975 income tax assessment attached to and encumbered the real property located at 1050 Oak Grove Avenue, San Marino, California; so as to ascertain whether or not the Internal Revenue Service was entitled to the sum of $247,379.46.

20. Prior to the execution of the Agreement and the sale of the real property in question by third persons, no levy was issued by the District Director with respect to the property in question.

21. On January 21, 1977, the District Director issued a certificate of discharge of tax lien, permitting the new buyers to acquire clear title to the property. On or about that date, the District Director acquired possession of an irrevocable letter of credit in the amount of $247,379.46, issued on Plaintiff's credit. The letter of credit expires on December 31, 1980.

22. In executing the December 28, 1976 Agreement and in issuing the certificate of discharge, the Plaintiff and the District Director, Los Angeles, intended that the provisions of Section 6325(b)(3) apply to the Agreement dated December 28, 1976.

23. Any conclusion of law deemed as properly constituting a finding of fact is hereby adopted as a finding of fact.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over these proceedings in accordance with Section 1346(e) of Title 28, United States Code and Section 7426(a)(3) of Title 26, United States Code.

2. The December 28, 1976 Agreement must be construed to be an agreement for a substitution of sales proceeds and discharge of property, as provided by Section 6325(b)(3) of Title 26, United States Code.

3. The irrevocable letter of credit issued by the Plaintiff and the December 28, 1976 Agreement satisfy the statutory requirements of Section 6325(b)(3) for the following reasons: the lien on the property was discharged by the United States; the letter of credit is a fund subject to the claim of the United States; and there is no question but that the United States has and is entitled to the same priority as existed before the discharge. The parties themselves intended that the Agreement and letter of credit fall under Section 6325(b)(3). *See* District Director's Certificate of Discharge, January 21, 1977.

4. This Court has jurisdiction to quiet title to the substituted sales proceeds fund represented by the letter of credit. While the interest that the Plaintiff asserts over the letter of credit delivered to the District Director of Internal Revenue, Los Angeles, under the terms of the December 28, 1976 Agreement is contingent, the Court concludes that it is sufficient under California law for Plaintiff to bring a quiet title action as to this personal property when the central core of the suit is the resolution of the validity of the lien. *See* Section 738, California Code of Civil Procedure.

5. The federal tax lien arising on January 8, 1976 as a result of the income tax assessment imposed against Jose Guadalupe Valenzuela on that date is a valid lien which attached to and encumbered the real property owned by him located at 1050 Oak Grove Avenue, San Marino, California. *See* Section 6321 of Title 26, United States Code.

6. Plaintiff has no interest in the substituted sales proceeds of $247,379.46 represented by the letter of credit in the possession of the District Director of Internal Revenue, Los Angeles.

7. Title to the substituted sales proceeds in the amount of $247,379.46 is quieted in favor of the Defendant.

8. In accordance with the terms of the December 28, 1976 Agreement, the Court concludes and declares that Plaintiff is obligated to pay to the Defendant the sum of $247,379.46, Plaintiff to take nothing by this Agreement.

9. Judgment shall be entered in favor of the Defendant against the Plaintiff for the sum of $247,379.46, each party to bear its own costs. Plaintiff shall take nothing by its complaint.

10. Any finding of fact deemed as or properly constituting a conclusion of law is hereby adopted as a conclusion of law.